## CITY OF NEW YORK MUNICIPAL BROADCASTING SYSTEM, Appellant,

v.

## FEDERAL COMMUNICATIONS COMMISSION, Appellee.

### No. 12465.

United States Court of Appeals
District of Columbia Circuit.

Argued April 12, 1955.

Decided May 5, 1955.

---

York City, was on the brief, for appellant.

Mr. J. Smith Henley, Asst. Gen. Counsel, Federal Communications Commission, Harrison, Ark., with whom Mr. Warren E. Baker, Gen. Counsel, Federal Communications Commission, was on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

Appellant owns Radio Station WNYC which is duly licensed by the Federal Communications Commission to operate (1) a transmitter at a power of one kilowatt for regular broadcast purposes as a Class II station, and (2) a transmitter at a power of five kilowatts in civil defense emergencies under the so-called CONELRAD project.[1] This appeal relates to an application filed for authority to install a single transmitter, having a rated power of both five kilowatts and one kilowatt (5/1). Such a transmitter could be used, at different times, for standard broadcast as well as CONELRAD operations by merely throwing a switch.

Appellant's application included a request that the Commission waive any conflict with § 3.41 of its rules which prohibits a Class II broadcast station such as WNYC, with maximum authorized power of 1000 watts, from installing a transmitter with a maximum rated power of more than one kilowatt.[2] Section 1.701 of the Commission's rules provides that "Any provision of the rules may be waived by the Commission, if good cause therefor exists."[3]

Messrs. Charles S. Rhyne, and Eugene F. Mullin, Jr., Washington, D. C., with whom Mr. Peter Campbell Brown, New

Without hearing or argument, the Commission denied the request for waiver and dismissed the application. Its

---

1. This project's purpose is to broadcast civil defense information during enemy air attacks while simultaneously minimizing the use of the radio signal as a navigational aid to the enemy.

2. 47 C.F.R. § 3.41 (Cum.Supp.). Under § 1.361(c), 47 C.F.R. § 1.361(c) (Rev. 1953), applications in conflict with a rule will not be considered defective if they are accompanied by a request of the applicant for waiver of the rule.

3. 47 C.F.R. § 1.701 (Rev.1953).

order recited, *inter alia,* that the Conelrad project "contemplates utilization of existing broadcast facilities, and does not contemplate major broadcast station changes in order to fit them into the plan of operation * * * [and] That a compelling need for the waiver requested has not been shown." A petition for rehearing was also denied. This petition included a request for either oral argument or a hearing "to determine whether or not * * * good cause exists" or "the public interest, convenience, and necessity would be served" by a grant of the application and request for waiver.

Section 308 of the Communications Act of 1934, as amended,[4] provides for the filing of the application involved here. Consideration of the application, therefore, is governed by the procedural requirements of § 309(b).[5] Under this section, if the Commission cannot find that a grant of an application would serve the public interest, "it *shall* forthwith notify the applicant * * * of the grounds and reasons for its inability to make such finding" and "the applicant *shall* be given an opportunity to reply."[6] If the Commission is still unable to make the necessary finding, "it shall formally designate the application for hearing." Here the Commission failed to follow the required statutory procedure. Hence

its order denying appellant's application for a single transmitter must be set aside and the case remanded to the Commission.

We think our recent decision in Storer Broadcasting Co. v. United States [7] answers the Commission's contention that § 309 was properly disregarded because the application conflicted with § 3.41 of its rules. The "exceptions to the apparently unqualified generality of § 309(b)"[8] which we described in Storer were of a limited nature. Clearly the conflict with § 3.41 presented by appellant is not of the character encompassed in those exceptions. We hold, therefore, that where, as here, an application accompanied by a request for waiver of § 3.41 is supported by reasons which are neither frivolous nor unlawful on their face,[9] the Commission is bound to observe the requirements of § 309(b).

Upon remand, the Commission should either grant the application or follow the procedure outlined in § 309(b). In light of this disposition, we withhold comment on questions raised concerning the merits of the application.

The orders of the Commission are vacated and set aside and the case remanded to the Commission for further proceedings not inconsistent with this opinion.

---

4. 66 Stat. 714, 47 U.S.C.A. § 308.

5. 66 Stat. 715, 47 U.S.C.A. § 309(b).

6. Emphasis supplied.

7. 95 U.S.App.D.C. ——, 220 F.2d 204.

8. 95 U.S.App.D.C. at page ——, 220 F.2d at page 208.

9. Appellant's application could not fairly be characterized as frivolous in view of previous authorizations to use power of one kilowatt for regular operations as a Class II station and five kilowatts for CONELRAD operations. Moreover, while not explicitly so stated, it was readily apparent that the reason for requesting permission to install a single transmitter was to avoid the greater cost which would be entailed by the installation of two transmitters, thereby saving the public funds of the City of New York.